■ In the Matter of CRYSALINE ELLIS, Appellant, v MARTIN F. HORN, as Commissioner of the New York City Department of Correction, et al., Respondents. [802 NYS2d 158]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered July 1, 2004, which denied petitioner's application to

compel her reinstatement to the position of correction officer, and for other related relief, unanimously affirmed, without costs.

Respondents presented persuasive evidence that petitioner was twice advised by respondent Department of Citywide Administrative Services (DCAS) that she was found fit for duty and could resume her employment with respondent Department of Correction (DOC), but that contrary to DCAS's instructions on both occasions, petitioner did not contact DOC's personnel officer to make the final arrangements. This failure to follow up negated determinations of fitness, which were based on medical evaluations it deemed stale by the passage of time. Petitioner's unsupported and vague claims that she made the required contact are insufficient to warrant the hearing she requested. The IAS court properly found it reasonable to expect of petitioner that she allege the basic details of the claimed contact, such as dates, the medium of communication and the tenor of the conversation or conversations. In any event, the proceeding is time-barred (CPLR 217), since it was commenced in March 2003, 10 months after the latest agency action when on May 1, 2002, DCAS wrote a letter to petitioner advising she was fit for duty and should contact DOC's personnel officer within two weeks to avoid the need for further medical examinations. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.